

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**CARIDAD D. INES,**

and

**RODOLFO B. INES,**

**Plaintiffs,**

v.                                                          Civil Action No. 3:12CV886

**BWW LAW GROUP, F/K/A**
**BIERMAN, GEESING, WARD & WOOD**
**SERVE: Steven B. Wood**
       **8100 Three Chopt Road, Rm. 240**
       **Richmond, VA 23299-4833**

and

**EQUITY TRUSTEES, LLC**
**SERVE: Steven B. Wood**
       **8100 Three Chopt Road, Rm. 240**
       **Richmond, VA 23299-4833**

**Defendants.**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.    This is an action seeking damages arising from Defendants' unlawful attempts to collect a delinquent home mortgage debt allegedly owed by Caridad and Rodolfo Ines (hereinafter "Plaintiffs") and to foreclose on the subject Deed of Trust. Plaintiffs allege that Defendants, a debt collection law firm and its collection-purposed trustee violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") by, among other things, initiating foreclosure activities when they had no present right to possession of Plaintiffs'

property, misrepresenting the name of the creditor to whom the debt was owed, and making false statements in connection with the debt in violation of 15 U.S.C. §§ 1692e.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiff, Caridad Ines ("Mrs. Ines") is a natural person who resides in Virginia. Mrs. Ines is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Plaintiff, Rodolfo Ines ("Mr. Ines") is a natural person who resides in Virginia. Mr. Ines is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant BWW Law Group f/k/a Bierman, Geesing, Ward & Wood, LLC is a law firm with offices in Maryland and Virginia, the principal purpose of whose businesses is the collection of debts, and is located at 8100 Three Chopt Road, Suite 240, Richmond, VA 23229-4833.

6. Defendant Equity Trustees, LLC is a company whose sole purpose is to serve as the substitute trustee for mortgage loans that are referred to BWW Law Group ("BWW"), for the purpose of collecting delinquent debts and/or conducting foreclosure sales for which it purports to be a substitute trustee. Its principal place of business is located at is located at 8100 Three Chopt Road, Suite 240, Richmond, VA 23229-4833. At all times relevant to this case, Equity Trustees, LLC was operating as an alternate voice and alter ego of BWW. For all purposes herein they were one and the same and are hereafter referred to collectively as "Defendants."

7.      Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and each is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendants moreover use one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

### *Plaintiffs Obtain a Mortgage Loan*

8.      Plaintiffs borrowed $169,289 for a mortgage, as evidence by a promissory note ("Note") dated June 18, 2009. The Note was payable to Wells Fargo Bank.

9.      Despite the assignment, Plaintiffs' loan was still serviced by Wells Fargo. As servicer, Wells Fargo acted on behalf of the owner of the loan to conduct certain customary servicing functions, such as to collect and record payments, communicate with the Plaintiffs, and assess late fees.

10.     The Note was secured by a Deed of Trust dated June 18, 2009, and recorded in the Fairfax Circuit Court Clerk's office. The Deed of Trust was secured by the Plaintiffs primary residence.

11.     Plaintiffs regularly made their monthly mortgage payments until they began to experience financial difficulties when Mr. Ines unexpectedly lost his job as a legal document analyst because his employer was unable to renew its contract with the United States.

12.     Throughout the next two years, Plaintiffs diligently communicated with Wells Fargo Bank, as their loan servicer, and submitted documents after documents in efforts to keep their home.

13.    Upon information and belief, Wells Fargo assigned any ownership interest it might have of Plaintiffs' loan to other entity, namely to the Government National Mortgage Association ("Ginnie Mae").

14.    The alleged debt was for a home loan, bringing Defendants' collection activities within the purview of the FDCPA, 15 U.S.C. § 1692a(5).

### Defendant is a Debt Collector

15.    Defendants are a law firm whose practice is focused on the collection of debts.

16.    Defendants regularly collect home loan debts.

17.    Defendants' website advertises that the firm's "practice concentrates on the representation of mortgage lenders and servicers in a variety of matters, primarily concentrating on mortgage debt collection, handling all aspects of loss mitigation, title resolution, foreclosure, bankruptcy, eviction, real estate closings, and real estate litigation. Through our well-trained staff of attorneys, paralegals and legal assistants, our office strives to meet a high standard of performance by providing exceptional legal service to the mortgage banking community."

18.    Defendants regularly demand payment from consumers of claimed arrearages and provide to consumers reinstatement quotes and itemizations of amounts that Defendants are attempting to collect.

19.    Defendants regularly tell consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. §1692e(11), requires that debt collectors provide in all written communications (other than

formal pleading) sent in "connection with the collection of any debt" (the "§ 1692e(11) disclosure").

20.     Defendants regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

21.     Defendants regularly detail specific amounts of money to be paid and regularly accept payment for their lender clients.

*Defendants Misrepresent the Identity of the Creditor and the Amount Owed on the Note*

22.     Defendants sent initial correspondences dated April 3, 2012, to Plaintiffs, which stated that the Defendants had been instructed to initiate foreclosure proceedings on their home on behalf of Wells Fargo Bank, N.A.

23.     The subject line of the correspondence states that the Secured Creditor is Wells Fargo.

24.     Upon information and belief, Wells Fargo assigned its interest in Plaintiffs' loan and was merely the servicer of Plaintiffs' loan.

25.     Upon information and belief, Ginnie Mae was the beneficiary of Plaintiffs' loan and the secured creditor on April 3, 2012.

26.     The April 3, 2012 correspondence stated "THIS IS A COMMUNICATION FROM A DEBT COLLECTOR."

27.     The text of the notice requirement set forth in the FDCPA, at 15 U.S.C. § 1692g, reads as follows:

*Notice of debt; contents*
       (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

    (1)    the amount of the debt;

    (2)    the name of the creditor to whom the debt is owed;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28.    The April 3, 2012 correspondence by which the Defendants purport to make the required disclosures is defective because it fails to accurately identify the creditor to whom the debt is owed as required by 15 U.S.C. § 1692g(a)(2). See, e.g., *Sparkman v. Zwicker & Associates, P.C.*, 374 F.Supp. 293, 3001-01 (E.D.N.Y. 2005).

29.    Furthermore, upon information and belief the April 3, 2012 notice also falsely represents the amount of the debt owed as $167,375.64 because it includes unearned fees and costs.

## *Defendants Threaten Additional Liability to the U.S. Government*

30.    During their efforts to foreclose on Plaintiffs' property, Defendants sent Plaintiffs a notice dated June 27, 2012, requesting Plaintiffs to allow an appraiser to inspect the interior or their property.

31.    The June 27, 2012 correspondence further indicated that not "allowing the fee appraiser to view the interior of your home will not stop the foreclosure from taking place, and in fact, may increase any future liability of yours to the U.S. Government since the appraiser may

have to make an assumption regarding the interior condition of the property when access is not granted."

32.     This statement was false.

33.     Defendants' representation regarding Plaintiffs' liability to the U.S. Government violated multiple sections of the FDCPA, including 15 U.S.C. §§ 1692e(1), e(5), e(9), and e(10).

### Defendants Threaten Foreclosure on Plaintiffs' Home

34.     Defendants forwarded correspondence to Plaintiffs, dated July 25, 2012, to notify them that a foreclosure sale is scheduled for their property for August 16, 2012.

35.     This correspondence included a Substitution of Trustees Deed dated June 22, 2012.

36.     The Substitution of Trustees Deed stated that Wells Fargo was the secured party and the holder of the Note.

37.     Wells Fargo was not the "owner and holder of the note" when Defendants were appointed Substitute Trustees.

38.     Upon information and belief, Defendants knew that Wells Fargo was not the "owner and holder of the note."

39.     Defendants forwarded correspondence to Plaintiffs, through counsel, dated November 6, 2012, to notify them that a foreclosure sale is scheduled for their property for November 27, 2012.

40.     This correspondence included a Substitution of Trustees Deed dated June 22, 2012.

41. The Substitution of Trustees Deed contained the same false statement as discussed above.

42. Moreover, the correspondences dated June 22, 2012, and November 6, 2012, failed to disclose that the communication was from a debt collector.

43. As a result of the acts and omissions of the Defendants, Plaintiffs suffered actual damages and injury, including but not limited to, emotional distress, mental anguish and suffering, loss of peace of mind, and a loss of statutorily protected rights.

## Count I: Violations of the FDCPA, 15 U.S.C. § 1692e

44. The foregoing allegations of the Complaint are incorporated by reference.

45. By falsely stating in their correspondences dated April 3, 2012, June 22, 2012, and November 6, 2012 that the Wells Fargo was the secured creditor and/or holder of the Note, Defendants violated 15 U.S.C. § 1692e, e(2)(A), e(5) and/or e(10).

46. In the alternative, by falsely stating the amount of the debt owed in their April 3, 2012 correspondence, Defendants violated 15 U.S.C. § 1692e, e(2)(A),

47. In the alternative, by stating in correspondence dated June 27, 2012, that Plaintiffs may have increased liability to the U.S. Government if access to their property was not granted, Defendants violated 15 U.S.C. §§ 1692e(1), e(5), e(9), and/or e(10).

48. In the alternative, by failing to disclose in their letters dated June 22, 2012, and November 6, 2012 that the communication was from a debt collector, Defendants violated 15 U.S.C. § 1692e(11).

49. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## Count II: Violations of the FDCPA, 15 U.S.C. § 1692f

50.     The foregoing allegations of the Complaint are incorporated by reference.

51.     The scheduled foreclosure sale dates were nonjudicial actions that sought to permanently deprive Plaintiffs of their ownership rights in their home.

52.     Wells Fargo had no authority to appoint the Defendants as a substitute trustee as they were not the owner and holder of the note at that time.

53.     Because they were not validly appointed as a substitute trustee by the noteholder in compliance with the terms of the Note and Deed of Trust, the Defendants had no right to attempt to conduct the foreclosure sale, or to transfer the property.

54.     Defendants threatened to take nonjudicial action to effect dispossession or disablement of the subject property at a time when they had and there was no present right to possession of the property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. § 1692f(6).

55.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following relief:

1.     Award Plaintiffs' actual damages;

2.     Award Plaintiffs' statutory damages;

3.     Award Plaintiffs' their reasonable attorney's fees;

4.     Award Plaintiffs' costs;

5.     Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Caridad and Rodolfo Ines
By Counsel

By: Dale W. Pittman VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

*Counsel for Plaintiffs*